Clement Cheng, Esq. SBN 198359
Newhope Law, PC
17220 Newhope St Ste 127
Fountain Valley, CA 92708-4283
(714) 825-0555 phone
(714) 825-0558 fax

Attorney for
Wing Walkers, LLC
and James Clements

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARNSTORMERS, Inc.. a Nevada Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WING WALKERS, LLC, a Delaware LLC, JAMES CLEMENTS, an individual; and DIRECTNIC, LLC, a Louisiana LLC,<br><br>　　　　　Defendant. | CASE NO: 3:09-CV-02367-BEN-RBB<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; ALTERNATIVELY TO TRANSFER FOR IMPROPER VENUE; ALTERNATIVELY TO TRANSFER FOR CONVENIENCE<br><br>Date: January 19, 2009<br>Time: 10:30 a.m.<br>Room: 3 |

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; ALTERNATIVELY TO TRANSFER FOR IMPROPER VENUE; ALTERNATIVELY TO TRANSFER FOR CONVENIENCE**

I.　INTRODUCTION

　　This case is about alleged copyright infringement.  Mr. James Clements, a Texas resident and defendant Wing Walkers, LLC, a Delaware LLC are accused of copyright infringement.  Wing Walkers, LLC, a Delaware LLC handled the website operations until October 16, 2009 when Wing Walkers was incorporated as a Texas nonprofit corporation.  Wing Walkers, A Texas nonprofit corporation handled the website operations from October 16, 2009.

　　Wing Walkers, A Texas nonprofit corporation (hereafter "Wing Walkers") operates a website where owners of airplanes can post advertisements for their

airplanes. Wing Walkers is an online publisher of airplane advertisements. Wing Walkers does not sell airplanes or any other goods on its website. The website is a passive website and does not have a shopping cart or other electronic commerce capability for direct interaction with customers.

Directnic, LLC is WingWalkers.com's domain registrar and host and therefore would be a service provider under section 512 of the Digital Millennium Copyright Act (DMCA) so they should be immune since they are part of the Internet infrastructure protected under DMCA which protects ISPs Sec. 512(a), system caches Sec. 512(b), storage systems Sec. 512(c), and search engines Sec. 512(d).

Also, there is no proof in front of the court that there was any copyright infringement, or access of a computer. The website printout presented to allege copyright infringement is a short text description which lacks artistic expression required for copyright infringement. The alleged access of a computer has no proof supporting the allegation. Since anyone can access either one of the plaintiff or defendants websites freely, anyone can post any free advertisement they wish and there is no proof of any connection between James Clements and the alleged wrongdoing.

Defendants do not consent to personal jurisdiction and appears specially. Defendants bring a motion to dismiss for lack of personal jurisdiction under FRCP 12(b)(2). Plaintiff is a Nevada Corporation and sued defendant, a Delaware LLC in San Diego for copyright infringement. As seen from the face of the complaint, this case has nothing to do with San Diego except that plaintiffs attorney is in San Diego.

II.   STANDARD FOR ASSERTING PERSONAL JURISDICTION

In federal question cases, where no explicit federal statute governs jurisdiction, a federal court may exercise personal jurisdiction over a nonresident

defendant if that defendant "could be subjected to jurisdiction of a court in the state in which the district court is located." Fed. R. Civ. Pro. 4(k)(1); American Telephone & Telegraph Co. v. Compagne Bruxelles Lambert, 94 F. 3d 586, 590 (9th Cir. 1996). Thus, the federal court's power to exercise personal jurisdiction over a defendant is generally coextensive with that of the courts in the state in which it sits. The California long arm statute extends personal jurisdiction to the constitutional due process.

The due process clause requires that the defendants sufficient minimum contacts with the forms of traditional notion and substantial justice. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In determining whether the exercise of jurisdiction satisfies this standard, the Court must consider not only the nature of the contacts, but their relation to the litigation. General jurisdiction exists where the defendant has "substantial" or "continuous and systematic" contacts with the forum state. See Helicopteros Nacionales de Columbia v. S.A. Hall, 466 U.S. 408, 414-16 (1984); Metropolitan Life Ins. V. RobertsonCeco Corp., 84 F.3d 560, 568 (2d Cir. 1996). General jurisdiction can be assessed by evaluating the defendant's contacts with the forum over a reasonable number of years, up to the date the suit was filed. See Access Telecom, Inc. v. MCI Telecomm. Corp., 197 F.3d 694, 717 (5th Cir. 1999). Here, the defendant alleges that any contacts it may have had with the forum state were not systematic or continuous enough to justify the exercise of personal jurisdiction. Soliciting business in the forum state and selling products through dealers in the forum state allowed personal jurisdiction in Metropolitan Life, 84 F.3d at, 571. Defendant has not sold products to California residents and has not made any sales in California.

Internet contacts have been specially addressed. Most courts have adopted the "sliding scale" approach first seen in Zippo Mfg. Co v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa. 1997). On the one hand a resident's ability to

access a passive website that does no more than provide information will typically not provide a basis for jurisdiction. See GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (D.C. Cir.2000) (personal jurisdiction can not be based solely on the ability of residents to access the defendant's websites). On the other hand a defendant that "conducts business" over the Internet with the residents of a forum will usually be found subject to that forum's jurisdiction. Zippo, 952 F.Supp. at 1124. But where the website is somewhere in the middle, the user exchanges information with the host computer, the court must review the "level of interactivity and commercial nature of the exchange of information" to determine if the exercise of jurisdiction is proper. Zippo, 952 F.Supp. at 1124. In any case, the Internet contacts are combined with the defendant's traditional contacts to determine whether the requisite minimum contacts exist. Millennium, 33 F.Supp.2d at 918.

     Defendant alleges facts to defeat jurisdiction. Defendant requests an evidentiary hearing. An evidentiary hearing requires that Plaintiff prove its grounds for personal jurisdiction by a preponderance of the evidence. Metropolitan Life, 84 F.3d at 567.

     Where general jurisdiction is not present, a defendant may still be subject to jurisdiction arising out of a specific act or acts, thus the term "specific jurisdiction." Specific Jurisdiction exists when a cause of action arises from forum related activities. See Halsten v. Gross Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1397 (9th Cir. 1986). Specific jurisdiction over a defendant is present where (1) the defendant purposely availed himself of the privilege of conducting activities in the forum state, (2) the claim arises out of or results from the defendant's forum related activities, and (3) the exercise of jurisdiction is reasonable. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985). Plaintiff bears the ultimate burden of establishing jurisdiction over defendant by a preponderance of the evidence. Here Plaintiff does not allege specific jurisdiction.

The traditional notions of fair play and substantial justice suggest that any transaction leading to this suit should not be held in a location where both Plaintiff and Defendant do not reside.

### III.   MINIMUM CONTACTS ANALYSIS

Wing Walkers should not be held to have minimum contacts with the state of California. Wing Walkers allows airplane owners to post advertisements of their airplanes on the WingWalkers.com website which is accessible worldwide. The website does not collect a fee for posting advertisements. Owners take photos of their airplanes and post them online, but the photos are accompanied by text which the plaintiff alleges that the defendants copied.

The court can visit the website to confirm that the Wing Walkers website has minimal functionality. Wing Walkers has not done business with anyone in California. The service is a free service. Therefore, Wing Walkers does not engage in any sales of products to California residents because the defendants do not sell any products.

Specific jurisdiction is also inapplicable. Plaintiff has had no transaction with Defendant to lead to this claim of copyright infringement. Wing Walkers operates a website that makes no advertising revenue on any of the banner or classified advertisements.

The plaintiff is a Nevada Corporation and has not qualified to do business in California. According to the Secretary of State website, "Before transacting intrastate business in California the business must first qualify/register with the California Secretary of State. (California Corporations Code section 2105, 15909.02, 16959 or 17451.) California Corporations Code sections 191, 15901.02(ai) and 17001(ap) define "transacting intrastate business" as entering into repeated and successive transactions of its business in this state, other than interstate or foreign commerce." Thus, plaintiff should be estopped from asserting

that any cause of action arises from their operation of a nonregistered business from California.

IV.   STANDARD FOR DETERMINING VENUE

For a defendant corporation the propriety of venue follows from the court's analysis of personal jurisdiction.

28 USC 1391 (b) provides that "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

28 USC 1391 (c) "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced".

V.   STANDARD FOR ASSERTING CHANGE OF VENUE FOR CONVENIENCE

Venue is inconvenient for the defendants in this district and more convenient in Texas; therefore, the court should transfer the suit to the Western District of Texas, which is the most convenient forum.

The court may transfer a suit to any other district or division where it might have been brought for the convenience of the defendant or its witnesses and in the interest of justice.  28 U.S.C. §1404(a).

VI.   APPLICATION OF CHANGE OF VENUE FACTORS

1 | The court should grant defendant's motion to transfer for the following reasons:

2 | a. The present forum is inconvenient for the defendant, and the transfer will not inconvenience plaintiff. Sorrels Steel Co. v. Great Southwest Corp., 651 F.Supp. 623, 629 (S.D. Miss. 1986).

The plaintiff is a Nevada Corporation and has not qualified to do business in California. Therefore, the plaintiff should be deemed to operate from Nevada. Either way, the plaintiff would be suing out of state. If the court transfers venue to Texas, it will be more convenient for defendants. There no evidence located in California because defendant's work, business are conducted in Texas and Plaintiff is domiciled in Nevada.

b. A transfer to another district would be more convenient for the defendant's material witnesses. 28 U.S.C. §1404(a); Mohamed v. Mazda Motor Corp., 90 F.Supp.2d 757, 774-75 (E.D. Tex. 2000); Laumann Mfg. Corp. v. Castings USA, Inc., 913 F.Supp. 712, 720 (E.D. N.Y. 1996). Specifically, the following witnesses could be called at trial regarding the operation of the Wingwalkers website and could be able to testify as alibi regarding Jim Clements lack of involvement with the Barnstormers website and the scope of his involvement with Wingwalkers, namely: Keith Cole, Bob Larrabee, Steve Dyck, Jack Jarvis, Ken Hopper, Larry Parkrtletts, Al Brailey, Jim Hoffman, Bill Hall, Steve Deraps, May Carson, Ray Bartlett, Vanessa Deraps, among other witnesses who would be greatly burden in coming to California, but are local to Texas.

As additional witnesses are found, they may likely reside in Texas and have some connection with the Texas aviation community, and within the Texas Christian missionary community. These witnesses would have knowledge of the nature and quality of the advertisements, and the extent of Mr. James Clements personal involvement with the website and his lack of involvement with the Barnstormers website.

c.  Documents necessary for the defense of this suit are not located in the current forum and may be difficult to transport. Access to documents and other sources of proof will be easier in Texas as defendants books are in Texas.

d.  Litigating the case in this district would force citizens in a community with no connection to the litigation to serve on the jury. The plaintiff is not a California Corporation and has not qualified to do business in California. Thus, it would be unfair to the citizens of the judicial district to get involved in a matter regarding a Nevada Corporation that has not bothered to qualify to do business in California, since they do not do business in California. This case is a dispute between a Texas Corporation and a Nevada Corporation and simply has nothing to do with California.

e.  The proposed forum in Texas is equally familiar with the law that will govern the case, namely copyright infringement under 17 U.S.C. §501, et seq.

VII.  APPLICATION OF CHANGE OF VENUE FACTORS

An evidentiary hearing is only requested if the court feels that it is necessary. The court may not feel that an evidentiary hearing is necessary because generally a passive website does not lead to a finding of personal jurisdiction. Furthermore, because the witnesses necessary to exonerate Mr. James Clements in this matter are located in Texas, the court should transfer the case to Texas to further the interests of justice, for judicial economy, and to avoid burden on third parties.

Dated: December 11th, 2009          NEWHOPE LAW, PC

By: s/Clement Cheng
Clement Cheng, Esq.
Attorney for Plaintiffs
E-mail: law@clemcheng.com

## PROOF OF SERVICE

BARNSTORMERS v. WING WALKERS, LLC, JAMES CLEMENTS; and DIRECTNIC, LLC 3:09-cv-02367-BEN-RBB

I am employed in the Central District of California. I am over the age of 18 and not a party to the action. My business address is at 17220 Newhope Street, Suite 127, Fountain Valley, CA 92708. On December 11th, 2009, I served the foregoing document(s):

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS; ALTERNATIVELY TO TRANSFER FOR IMPROPER VENUE; ALTERNATIVELY TO TRANSFER FOR CONVENIENCE**

on the interested parties in this action:

| |
|---|
| Joseph A. Mandour, III (SBN 188896) |
| Ben T. Lila (SBN 246808) |
| Mandour & Associates, APC |
| 16870 West Bernardo Drive, Suite 400 |
| San Diego, CA 92127 |
| Tel: (858) 487-9300 |
| Fax: (858) 487-9390 |
| jmandour@mandourlaw.com |

*Attorneys for Plaintiff*

☐ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒ BY MAIL: I am readily familiar with the practice of the office for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, correspondence is put in the office outgoing mail tray for collection and is deposited in the U.S. Mail that same day in the ordinary course of business.

☐ FAX: I faxed the documents to the parties on the above date.

☐ E-MAIL: I emailed the documents to the parties on the above date.

☒ FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐ STATE: I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed on December 11th, 2009 at Fountain Valley, CA.

Signed: _____
Alison Hata