FILED
10 JUL -9 PM 12: 43
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARNSTORMERS, Inc. a Nevada corporation,<br><br>                                                                                             Plaintiff,<br>vs.<br><br>WING WALKERS, LLC, a Delaware LLC,<br>JAMES CLEMENTS, an individual,,<br><br>                                                                                            Defendants. | CASE NO. 09cv2367 BEN (RBB)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE AND DENYING MOTION TO DISMISS**<br><br>[Dkt. No. 13] |

## INTRODUCTION

Before this court are Defendants Wing Walkers, LLC and James Clements' (Defendants) motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) or, alternatively, motion to transfer to the Western District of Texas (Texas) for improper venue or convenience pursuant to 28 U.S.C. § 1404(a). Plaintiff Barnstormers, Inc., a Nevada corporation (Plaintiff), opposes the motion. For the following reasons, the motion is granted in part and denied in part.

## I. DISCUSSION

Defendants move to dismiss Plaintiff's action under Rule 12(b)(2) for lack of personal jurisdiction. A court may however, in the interests of justice, transfer a case to another venue even if it lacks personal jurisdiction over the defendant. Goldlawr,

1
2  Inc. v. Heiman, 369 U.S. 463, 466-67 (1962); *see also* Wood v. Santa Barbara
3  Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1982) (transfer
4  authorized in order to cure lack of personal jurisdiction). Accordingly, this Court
5  need not determine whether it has personal jurisdiction if the interests of justice
6  support transfer to Texas.
7       Alternatively, Defendants move this Court to transfer this action to Texas
8  based on improper venue or for the convenience of the defendants and its witnesses.
9  This Court is not persuaded to transfer this action to Texas because of improper
10 venue, but rather for the convenience of witnesses pursuant to 28 U.S.C. § 1404(a)
11 (For the convenience of parties and witnesses, in the interest of justice, a court may
12 transfer a suit to any other district where it might have been brought).
13      A court may transfer to a district where the case "'might have been brought'"
14 when the case was first filed. Hoffman v. Blaski, 363 U.S. 335, 342-43 (1960). This
15 is a copyright action and the parties do not dispute that Defendants were residing in
16 Texas at the time Plaintiff commenced this action. Cases arising under federal
17 copyright laws may be brought 'in the district in which the defendant or his agent
18 resides or may be found.' Brayton Purcell LLP v. Recordon & Recordon, __ F.3d __,
19 2010 WL 2135302, 2* (9th Cir. 2010). Accordingly, this Court finds that Plaintiff's
20 case could have properly been brought in Texas.
21      For a §1404(a) transfer, the moving party bears the burden of showing that the
22 balance of convenience to the parties and witnesses and the interest of justice would be
23 served by the transfer. *See* Decker v. Coal Co. v. Commonwealth Edison Co., 805 F.2d 834,
24 843 (9th Cir. 1986). Courts have discretion to adjudicate motions for transfer according to
25 an individualized, case-by-case consideration of convenience and fairness. Jones v. GNC
26 Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).
27      Motions to transfer under § 1404(a) require courts to weigh multiple factors in
28

determining whether transfer is appropriate.[1] Id. at 498. Having considered all the GNC Franchising factors, the particular facts of the instant case warrant consideration of the following factors: (1) the convenience of the witnesses and parties, (2) the potential for delay, (3) the costs of litigation, (4) the interests of justice, (5) familiarity with California law and (6) the Plaintiff's choice of forum.

### A. The Transfer Will Serve the Convenience of the Parties and Witnesses

"The relative convenience to witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160-61 (S.D. Cal. 2005). "Convenience of witnesses" encompasses both non-party witnesses and "the geographic location of any witnesses likely to testify in the matter." Costco Wholesale Corp. v. Liberty Mut. Ins. Co., 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007). When balancing the convenience of potential witnesses, courts should examine "the *materiality* and *importance* of the anticipated evidence and witnesses' testimony and then determine their accessibility and convenience to the forum." Lueck v. Sundstrand Corp., 236 F.3d 1137, 1146 (9th Cir. 2001) (emphasis added).

Here, Defendants identify numerous potential witnesses, none of whom are identified as non-party witnesses, who could testify to (1) the operation of the Website, (2) "Jim Clements['] lack of involvement with the Barnstormers website" and (3) Jim Clements' scope of involvement with the Website. Defendants assert that such witnesses, being "local to Texas" would all be inconvenienced if they were called to testify in California.

---

[1] GNC Franchising suggests that courts consider the following factors when adjudicating convenience transfers: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Id. at 498-99.

"A party can compel the testimony of its employees at trial." Costco Wholesale, 472 F. Supp. 2d at 1193. Claims regarding the difficulty of obtaining such employee witnesses' testimony must therefore be discounted. Tamashiro v. Harvey, 487 F. Supp. 2d 1162, 1171 (D. Haw. 2006) (five of the six witnesses were Defendants' employees); STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (four of the six witnesses were Defendants' employees). Here, after stating that Plaintiff "has witnesses" located in this District, a supporting declaration identifies two of its three witnesses are employees of Plaintiff and fails to identify any non-party witnesses. Although in near equipoise, the balance of convenience of witnesses weighs in favor of Defendants' witnesses and ultimately of transfer.

### B. The Transfer Will Avoid Significant Delay

"The law presumes injury from unreasonable delay." In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994). In order to avoid such injury, courts must consider the duration of the pendency of the litigation prior to the motion to transfer. Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 968 (9th Cir. 1978). Delay weighs against the transfer if it is substantial and the case may be nearing its conclusion. *See id.* (case pending for six years prior to the motion to transfer); *see also* Kasey v. Molybdenum Corp. of Am., 408 F.2d 16, 20 (9th Cir. 1969) (case pending for nine years and "moving toward conclusion"). In this case, less than two months passed before Defendants moved to transfer the case.[2] No scheduling order has been entered. No discovery cutoff date or date for trial has been set. This consideration weighs in favor of transfer.

### C. The Transfer Will Likely Reduce Litigation Costs

The purpose of transfers under §1404(a) is to prevent the waste of time, energy and money. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (superseded by

---

[2] The complaint was filed October 23, 2009. Defendants' motion was filed on December 11, 2009.

statute on other grounds). Neither Plaintiff's nor Defendants' place of business is located in the present forum. Documents may be located in both Nevada and Texas. If the case remains in this District, *both* parties will incur discovery costs and travel expenses. Transfer is inappropriate where it merely shifts, rather than eliminates, the inconvenience between the parties. Decker Coal, 805 F.2d at 843. Here, litigation costs will not be shifted from the Defendants to the Plaintiff as the Plaintiff is already inconvenienced by litigating in the present forum. The potential for reducing the cost of litigation on the whole weighs in favor of transfer.

### D. The Transfer Will Serve the Interests of Justice

The contacts relating to Plaintiff's cause of action in the chosen forum is a relevant factor in the interests of justice consideration. Metz v. United States Life Ins. Co., 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009). The internet advertisements to which Plaintiff objects are accessible to any individual with internet access and are no more accessible in the present forum than elsewhere. While Plaintiff does maintain its website in this District, its contacts with this District are overshadowed by the fact that Plaintiff is incorporated in the State of Nevada. In contrast, Defendants and all Defendants' witnesses reside in the State of Texas.

The law of the transferor court is applied by the transferee court in §1404(a) transfers. Nelson v. International Paint Co., 716 F.2d 640, 643 (9th Cir. 1983). This Court is mindful that, under California law, dismissal of this action may cause Plaintiff's statute of limitations to run. Convenience transfers under §1404(a) seek to protect litigants against unnecessary inconvenience and expense. Van Dusen, 376 U.S. at 616. The interests of justice will be served by a transfer to Texas as such action will spare Plaintiffs the inconvenience and expense of refiling this action elsewhere, and preserve the action as against a statute of limitations challenge.

### E. Familiarity with California Law is Not an Obstacle

While complex or specialized law of the state of the transferor court weighs

against transfer, California law is not especially complex or specialized. *Id.* at 645. Although a federal court sitting in Texas may not be as familiar as this Court with California law, federal courts are adept at applying various state law claims of unfair competition and deceptive trade practices. The resolution of this action will depend less on expertise in the law and more on the court's fact-finding function. Consequently, the balance of this consideration weighs in equipoise.

### F. Plaintiff's Choice of Forum

Ordinarily, deference is given to Plaintiff's choice of forum. However, such deference "is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006). Given that Plaintiff's principal place of business is located in Nevada, and the copyright claims relate to internet web sites, this District lacks any significant connection to the activities alleged to give rise to Plaintiff's suit. The weight of factors favoring the transfer, as described above, outweigh the deference ordinarily given to Plaintiff's choice of forum and ultimately point in favor of transfer to Texas.

### II. CONCLUSION

Having considered these and the other factors set forth in 28 U.S.C. § 1404(a), the Court finds that the transfer of the present action to the United States District Court for the Western District of Texas will serve the paramount interests of justice and convenience of witnesses. Accordingly, Defendants' motion to dismiss and motion to transfer for improper venue are **DENIED**; Defendant's motion to transfer to the United States District Court for the Western District of Texas is **GRANTED.**

**IT IS SO ORDERED.**

DATED: ___ July __, 2010

Hon. Roger T. Benitez
United States District Court Judge